Filed 12/17/25  P. v. Patron CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> D'ANNUNZIO ROMAN GAVIOLA PATRÓN, <br><br> Defendant and Appellant. | F089172 <br><br> (Super. Ct. No. F24901448) <br><br> **OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Charles J. Lee, Judge.

Richard L. Fitzer, under appointment by the Court of Appeal, and D'Annunzio Roman Gaviola Patrón, in propria persona, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

Defendant D'Annunzio Roman Gaviola Patrón was sentenced to eight years in custody following a plea bargain in which defendant pleaded guilty to one count of violating Penal Code[1] section 245, subdivision (a)(4), assault by means of force likely to produce great bodily injury. Defendant's appellate counsel raises no claims of error in briefing here, and requests that we independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant filed a supplemental letter with the court, alleging that his assigned trial counsel unlawfully recorded him during a meeting, that his counsel avoided a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 by noting a doubt as to competency pursuant to section 1368, and that he was sentenced to "[eight] years flat with half time" instead of a "[four]-year[] double up." Defendant also asserts that his name is spelled incorrectly on the abstract of judgment and asks that it be corrected.

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint in this matter alleged that, on or about February 16, 2024, defendant committed an assault on P.E. by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 1), as well as battery which did inflict serious bodily injury on P.E. (§ 243, subd. (d); count 2). The complaint also alleged several prior strikes, as well as factors in aggravation. At the date set for preliminary hearing in March 2024, defendant had an "out burst" (*sic*) in court, and was removed, at which point his counsel noted a doubt as to his competency pursuant to section 1368. In April 2024, the trial court ordered defendant to be evaluated by a psychiatrist to determine defendant's competency and the necessity of medicating him. At that hearing, defendant requested a *Marsden* hearing. A *Marsden* hearing was held immediately, and the court denied defendant's motion.

---

[1] All further code references are to the Penal Code.

Following a competency evaluation, the trial court found defendant was not competent. Defendant was ordered to the state hospital in July 2024, and medication was ordered in an effort to restore competency. In August 2024, defendant was found to be competent, and criminal proceedings were reinstated. A preliminary hearing was held in September 2024, and defendant was held to answer, with an information filed shortly thereafter. In October 2024, defendant initially requested to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806, although after further discussion with the court, he elected to request a further hearing pursuant to *Marsden*. The court set the matter over to allow further discussion of any motions pursuant to *Marsden* or *Faretta* at a time when defendant's trial counsel could attend.

However, at the subsequent hearing, defendant declined to pursue a further *Marsden* motion, and instead agreed to a plea bargain for a stipulated term of eight years, by pleading to one count of violating section 245, subdivision (a)(4) at the upper term, as well as admitting a prior strike pursuant to section 667, subdivision (e)(1). The remaining counts and enhancements were dismissed, and defendant waived all prior time credits as part of the agreement. After colloquy with defendant, the trial court accepted his change of plea, finding that there was a factual basis for the plea, and that defendant had voluntarily and knowingly waived his trial rights. Defendant was indeed sentenced to eight years based on his plea to one count of violating section 245, subdivision (a)(4), as well as restitution fines pursuant to sections 1202.4 and 1202.45. Defendant timely filed a notice of appeal.

## DISCUSSION

Defendant in this case did not file a brief, but did submit a short letter to this court, referenced above, in which he alleged his assigned defense counsel unlawfully recorded him during a meeting, that his assigned counsel avoided a hearing pursuant to *Marsden* by noting a doubt as to competency pursuant to section 1368, and that he was sentenced to "[eight]-years flat with half time" instead of a "[four]-year[] double up." Defendant

3.

also asserts that his name is spelled incorrectly on the abstract of judgment and asks that it be corrected. We have reviewed defendant's claims in this letter, and find no error, although we note that defendant's full name is not included on the abstract of judgment and order that it be corrected. We observe that a *Marsden* hearing was indeed held by the trial court, contrary to defendant's assertions, at which he raised his concerns about being recorded by his counsel.

As such, having independently reviewed the record in this matter, we are satisfied that no arguable claims of error exist, and that appellate counsel has appropriately discharged their duties pursuant to *Wende*. However, the trial court is directed to amend the abstract of judgment to reflect defendant's name as "D'Annunzio Roman Gaviola Patrón" instead of "Dannunzio Roman Patron."

## DISPOSITION

The matter is remanded for the limited purpose of correcting the abstract of judgment as indicated above. Otherwise, the judgment is affirmed.